Acting under General Statutes, § 846, the plaintiff, building inspector of the city of Bridgeport, seeks to restrain the use by the defendants of premises at 2077 East Main Street, Bridgeport, as an "All Liquor Package store," in alleged violation of the zoning ordinance forbidding liquor outlets, other than pre-existing, nonconforming uses, within a radius of 1500 feet of another.
It is undisputed that the named defendants, one as permittee and the other as backer, hold a permit from the state liquor control commission to operate an "All Liquor Package Store" on the premises and that they are "suitable persons," and the *Page 350 
place "suitable premises" in which they have operated since November of 1948. It is undisputed that 2077 East Main Street is in a business zone, and that a liquor outlet is a permissible use.
The problem arises from a series of events, which is difficult and perhaps unprecedented. The defendants and a sister are owners of the premises at 2077 East Main Street. It formerly belonged to their father, who for years operated a market in the ground floor store presently used as a package store. Due to age and ill health, the father retired from business and conveyed the building to his adult son and daughters, with an understanding that he would receive support in part from the rent income of the building, and such supplemental contributions as were necessary. Upon the repeal of the prohibition amendment, a tenant was found for the store who obtained a liquor permit, and thereafter the premises were used as a liquor outlet.
For some years prior to May, 1947, one Harold Walker, as lessee, has occupied the store space, operated a restaurant, and held an "All Liquor Restaurant Permit". His lease expired July 31, 1947. Walker, knowing that his lease would so expire, purchased a vacant lot across the street and planned the construction of a restaurant building. Knowing of the 1500 foot regulation, he, on May 23, 1947, surrendered his then outstanding liquor license but continued to occupy no. 2077 until August 2, 1947. He sold no liquor after surrender of his permit. Walker did, however, make application for an "All Liquor Restaurant Permit," at the time he surrendered his existing permit, for his proposed new location. His first application was returned on May 26, 1947, as not properly filled out. After correction it was returned to and accepted by the commission on June 3, 1947.
Meanwhile the defendants, becoming aware that Walker had surrendered his permit, made application signed May 29, 1947, for an "All Liquor Package Store" permit, which was properly made out and certified and approved for acceptance on June 3, 1947, by the liquor control commission.
Thus there were pending before the commission as "approved for acceptance", on the same day (June 3, 1947) two applications, one by Walker for a restaurant permit at 2068 East Main Street, and one by defendants for a package store at 2077. Both could not be granted without violating the General *Page 351 
Statutes and the Bridgeport 1500-foot ordinance. On the other hand, when Walker surrendered his former permit, the territory within the radius of 1500 feet was open, and both applicants, or any other suitable person having a suitable place, was free to apply.
At the time Walker made his application he had a vacant lot, construction plans, presumably finances arranged, but no building at 2068 and no liquor permit. On the other hand, defendants had a suitable building but no permit. The two applications were heard together by the commission on July 28, 1947, and decision was rendered September 25, 1947. Walker's application was granted; defendants' was denied.
The present defendants appealed to this court. On June 8, 1948, Devlin, J., sustained the appeal. Consequent on this decision the liquor control commission issued an "All Liquor Package Store Permit" to the present defendant on June 18, 1948, which was renewed June 18, 1949, to expire June 18, 1950. It is under this renewal that defendants now operate.
There intrudes into this rather complicated history two other circumstances. First, counsel for the present defendants obtained a temporary injunction restraining Walker from using the permit granted him on September 28, 1947. This was dissolved on October 15, 1947, and Walker at once began the sale of liquor at his new restaurant. Meanwhile, defendants' appeal was pending in court. When that appeal was heard and decided favorably to the defendants and a permit issued to them, their counsel, believing that such course was fair and honorable, caused application to be made to the zoning board of appeals for a variation under the zoning ordinance to allow use of the premises at No. 2077 under the liquor control permit. This application was denied. An appeal was taken and Devlin,J., sustained the zoning board of appeals. Thereafter, defendants, on advice of counsel, opened the package store at No. 2077 under the original permit and now continue under the renewed permit from the commission.
One other fact on which some stress has been laid by counsel is that Mr. Harry E. Rowland, as secretary of the zoning commission, on June 4, 1947, certified that either of the premises could be used as a liquor outlet under the local zoning ordinance, but not both. Yet, in fact, both now hold permits issued by the state commission, and both are in operation. *Page 352 
There is also satisfactory evidence that the rent value of defendants' property is substantially greater as a permit property than without. There remains the fact that the 1500-foot ordinance forbids two new permits in the zone. It cannot be said that any liquor outlet existed within the 1500-foot radius at the time the commission acted.
The decision of Devlin, J., in case No. 48020, Figmic v.Liquor Control Commission, holding the action of the commission in refusing present defendants' application improper, is res judicata. The decision in case No. 49276, Figmic v.Board of Appeals, sustaining the action of the board of appeals refusing a variance, is likewise res judicata.
The ultimate result is that one or the other of the two places, Walker's or defendants' operates in violation of the 1500-foot ordinance. A result primarily consequent on what appears from the memorandum of Devlin, J., in case No. 48020, Figmic v.Liquor Control Commission, to have been an erroneous finding by the commission, "that the proposed premises fail to comply with the Zoning Regulations of the City of Bridgeport", as to which Judge Devlin rules, "there is no evidence to support any such claim," resulted in the issuance of permit to the appellants.
The whole matter becomes anomalous. The liquor control commission ruled that the Figmic application should be denied; this court ruled the commission so found without evidence. Consequent on the action of this court a permit was issued; it has been used and renewed. An investment in stock and damage by way of rent value would accrue to the defendants if the injunction is granted. So far as appears, both the city and the defendants have acted in good faith, openly and fairly.
While I hold that the 1500-foot ordinance is valid, in view of the rather weird sequence of events in this case it hardly seems equitable to issue the restraining order requested. It does not appear to the court that the plaintiff, the city attorney or counsel for the defense have failed in every honorable effort to discharge their respective duties.
The injunction is denied for want of equity under the circumstances.
 Judgment for the defendants accordingly, without costs.